IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| Pharma Base S.A., | )<br>)<br>)    Civil Action No. 06-____-___<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)    **JURY TRIAL DEMANDED**<br>) |
| HVL Inc. (a.k.a. H.V.L. Inc. and<br>Douglas Laboratories) and<br>Hi-Vidomin Laboratories, Inc., | )<br>)<br>)<br>) |
| Defendants | )<br>) |

## COMPLAINT

Plaintiff, Pharma Base S.A. ("Pharma Base"), for its Complaint against Defendants HVL Inc. ("HVL") and Hi-Vidomin Laboratories, Inc. ("Hi-Vidomin"), alleges the following:

### THE PARTIES

1.      Pharma Base is a corporation organized and existing under the laws of Switzerland, and has a principle place of business at Churerstrasse 166, CH-8808 Pfaffikon, Switzerland.

2.      On information and belief, HVL is a corporation organized and existing under the laws of the state of Delaware, and has a principal place of business at 600 Boyce Road, Pittsburgh, Pennsylvania 15205, United States of America.

3.      On information and belief, Hi-Vidomin is a corporation organized and existing under the laws of the state of Delaware, has a principal place of business at 300 Delaware Avenue, Wilmington, Delaware 19801, and is a wholly-owned subsidiary of and acts as a holding company for HVL.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 15 U.S.C. §§ 1501 *et seq*. ("the Lanham Act"), and 28 U.S.C. §§ 1331, 1332(a), 1338(a) and/or 1367(a).

5.      On information and belief, Defendants HVL and Hi-Vidomin, in addition to being citizens of Delaware, have been and are doing business in this District.

6.      On information and belief, Defendant HVL has placed goods in the stream of commerce knowing that such goods likely would enter this District, and such goods have entered this District.

7.      On information and belief, Defendant HVL has offered to sell and sold goods in this District and continues to offer to sell and sell goods in this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## NATURE AND CIRCUMSTANCES OF THE PARTIES' DISPUTE

9.      Plaintiff is a supplier of Coenzyme Q10 Fast Melting Tablets (the "Product") that are marketed and sold under the trademarks COQMELT and QMELT in a variety of countries throughout the world.

10.      Plaintiff is, and has been during all relevant periods of time, the owner of all rights, title and interests in and to the trademarks COQMELT and QMELT in the United States and Canada.

11.      Defendant HVL is a distributor and retailer of nutritional supplements in the United States of America and Canada.

12.      In late 2001, representatives of Plaintiff Pharma Base and Defendant HVL met with each other in Zurich, Switzerland to discuss bringing the Product to the United States and Canadian markets.

13.      In late 2001 and early 2002, Plaintiff and Defendant HVL negotiated the terms of their commercial relationship, ultimately entering into an Exclusive Distributorship Agreement

and an Ownership and Licensing of Trademark Agreement (the "Distribution Agreement," the "Trademark Ownership and Licensing Agreement," collectively the "Agreements").

14.    Under the Agreements, Defendant HVL was obliged to use certain efforts to market and sell the Product in the United States and Canada under Plaintiff's COQMELT mark.

15.    On or about May 16, 2002, Defendants used Plaintiff's COQMELT mark for the first time to market and/or sell the Product to practitioners in the United States and Canada, and on information and belief, Defendants have continued to market and sell the Product to practitioners in the United States in Canada under Plaintiff's COQMELT mark from on or about May 16, 2002 to the present.

16.    On or about August 2002, Plaintiff and Defendant HVL agreed that Defendant HVL would continue to market and sell the Product to practitioners in the United States and Canada using Plaintiff's COQMELT mark, that Defendant HVL would market and sell the Product to retailers in the United States and Canada under Plaintiff's QMELT mark, and that all such activities would be subject to the terms and provisions of the Agreements, the only exceptions being Defendant HVL's licensed use of COQMELT when marketing and selling to practitioners, and Defendant HVL's licensed use of QMELT when marketing and selling to retailers.

17.    On or about December 4, 2002, Defendants used Plantiff's QMELT mark for the first time to market and/or sell the Product to retailers in the United States and/or Canada, and on information and belief, Defendant's have continued to market and sell the Product to retailers in the United States and Canada under Plaintiff's QMELT mark from that date to the present.

18.    Due to a series of disputes that arose between Plaintiff and Defendants, on or about April 25, 2006 Plaintiff terminated the Agreements with Defendant HVL and demanded that Defendant HVL immediately cease and desist from using Plaintiff's COQMELT and QMELT marks in any way (*see* Exhibit 1).

19.    Upon information and belief, Defendants did not, and have not, ceased and desisted from using Plaintiff's COQMELT and QMELT marks in any way; instead, Defendants and those working in concert with Defendants have continued to use Plaintiff's COQMELT and

QMELT marks to market and sell the Product in direct violation of Plaintiff's legal and commercial rights and interests.

## COUNT I
## (FEDERAL TRADEMARK INFRINGEMENT)

20. Plaintiff repeats and re-alleges each of the preceding paragraphs in this Complaint.

21. Plaintiff's COQMELT and QMELT marks are distinctive for the Coenzyme Q10.

22. To the extent not inherently distinctive, Plaintiff's COQMELT and QMELT marks have acquired secondary meaning and significance in the minds of the consuming public for Coenzyme Q10

23. All public recognition and goodwill associated with Defendants use of Plaintiff's COQMELT and QMELT marks under the Agreements inured to the benefit of Plaintiff, and that goodwill and public recognition is a valuable asset of Plaintiff's business.

24. Plaintiff intends to preserve and maintain its rights with respect to its COQMELT and QMELT marks, and intends to continue using the marks in the United States.

25. As evidenced in Exhibits 2 and 3, upon information and belief, Defendants have continued to offer to sell and sell Coenzyme Q10 fast melting tablets under Plaintiff's COQMELT and QMELT marks.

26. On and information and belief, Defendants' continued use of the COQMELT and QMELT marks to offer to sell and sell Coenzyme Q10 fast melting tablets is intended to exploit the reputation and goodwill cultivated by Plaintiff such marks.

27. On information and belief, the COQMELT and QMELT marks that Defendants have continued to use since termination of the Agreements are identical to and confusingly similar with Plaintiff's COQMELT and QMELT marks (*see* Exhibits 2 and 3).

28. Defendants' deliberate activities are believed to have caused, and are likely to cause confusion, mistake, or deception, thereby causing great harm to the goodwill and public

recognition cultivated in the COQMELT and QMELT marks by Plaintiff and the diminution of the value of the COQMELT and QMELT marks.

29.     Plaintiff has not given its consent, directly or indirectly, to Defendants to use the COQMELT and QMELT marks, or any marks similar thereto.

30.     Defendants' activities constitute a) willful, deliberate and intentional infringement of Plaintiff's COQMELT and QMELT trademarks, in violation of the Lanham Act, to the substantial and irreparable injury of the public; and b) substantial and irreparable injury to the public recognition and goodwill cultivated by Plaintiff in its COQMELT and QMELT marks.

31.     Upon information and belief, the willful, deliberate and intentional acts of infringement commenced, and have continued, in spite of the actual and constructive knowledge of Defendants that use of Plaintiff's COQMELT and QMELT marks after Plaintiff's April 25, 2006 cease and desist correspondence.

32.     Plaintiff has no adequate remedy at law.  Defendants' foregoing conduct has caused and will continue to cause, if not enjoined, irreparable damage to Plaintiff's rights in its COQMELT and QMELT marks and in Plaintiff's business, reputation and good will.

33.     Plaintiff's damages from Defendants' unauthorized and unlawful activities, to the extent ascertainable, have not yet been determined.

WHEREFORE, Plaintiff requests:

(a)     That the Court find Defendants have infringed Plaintiff's COQMELT and QMELT trademarks;

(b)     That the Court find there is a substantial likelihood that Defendants will continue infringing Plaintiff's COQMELT and QMELT trademarks unless enjoined from doing so;

(c)     That the Court preliminarily enjoin Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, or under it, from infringing Plaintiff's COQMELT and QMELT trademarks, in any manner, or participating or assisting in any such activity;

- 5 -

(d)     That the Court permanently enjoin Defendants, their officers, directors, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, or under it, from infringing Plaintiff's COQMELT and QMELT trademarks, in any manner, or participating or assisting in any such activity;

(e)     That the Court award Plaintiff damages incurred as a result of Defendants' trademark infringement in an amount to be determined at trial, and that such damages be trebled;

(f)     That the Court award Plaintiff its attorneys' fees, costs and expenses incurred in prosecution this action;

(g)     That the Court require Defendants to recall and deliver to Plaintiff for destruction, at Defendants' expense all literature, brochures, quotes, packaging, labels, pamphlets, catalogs, and any other material bearing the COQMELT or QMELT trademarks, or any confusingly similar mark(s) thereto; and

(h)     That the Court require Defendants to file with the Court, and to serve on Plaintiff, within thirty (30) days after entry of an Order as herein prayed, a written report, under oath, setting forth in detail the manner in which Defendants have complied with such Order.

Respectfully submitted,

Date: June 20, 2006

Patricia S. Rogowski (#2632)
**Connolly Bove Lodge & Hutz LLP**
1007 N. Orange St., P.O. Box 2207
Wilmington, DE  19899
(302) 658-5614

*AND*

John P. Donohue, Jr.
David L. Marcus
**Woodcock Washburn LLP**
One Liberty Place - 46th Floor
Philadelphia PA  19103
(215) 568-3100

*Attorneys for Plaintiff Pharma Base S.A.*

- 6 -

1

# PHARMA BASE S.A.



April 25, 2006

Mr. Douglas Lioon                          Mr. Richard Bordeleau
CEO                                        President – Health and Nutrition Division
HVL, Inc.                                  Atrium Biotechnologies, Inc.
600 Boyce Road                             1405, Bld du Parc-Technologique
Pittsburgh, PA 15205                       Quebec City, Quebec G1P 4P5
USA                                        Canada

    Re:    **Exclusive Distributor Agreement and
           Ownership and Licensing of Trademark Agreement**

Gentlemen:

    It appears that our respective companies are not going to be able to reach an agreement regarding taking those steps necessary to correct the record ownership of the trademarks **COQMELT** and **QMELT** and taking those steps related to performance necessary to renew the distributor ship agreement.

    It is clear from both the agreements and surrounding correspondence that Pharma Base was to be the record owner of the trademarks **COQMELT** and **QMELT**. Indeed, HVL's own actions blocked Pharma Base's ability to register these marks in the US. It is also clear that HVL will not, absent judicial intervention, transfer ownership to Pharma Base of U.S. Registration Nos. 2,733,259 and 2,803,702. The Atrium/HVL proposal that Pharma Base should now pay for the ownership rights agreed to over four years ago is refused.

    Further, it is clear that HVL will not agree to reasonable minimum sales figures as required by Articles 10 and 14 of the distributor agreement in order to effectuate renewal of that agreement. Accordingly, the distributor agreement appears to have been terminated. Indeed, the agreement may have been terminated since February 1, 2005.

    Since the Exclusive Distributorship Agreement has terminated, so has the agreement under which the trademarks were licensed. If HVL has not already done so, it is to immediately cease and desist from using the trademarks **COQMELT** and **QMELT** in any way.

    Sincerely,

    Harish Parekh

    Chairman & President

PHARMA BASE S.A. • Churerstrasse 166 • CH - 8808 Pfäffikon/SZ • Switzerland
Phone: (41) 55 416 03 03 • Fax: (41) 55 416 03 04 • E-mail: Info@pharmabase.ch

2











3





*These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.







JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

PHARMA BASE S.A.

**DEFENDANTS**

HI-VIDOMIN LABS., INC.
HVL, INC.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PATRICIA SMINK ROGOWSKI, CONNOLLY BOVE
1007 N. ORANGE STREET, WILMINGTON, DE 19899

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL INJURY** | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 362 Personal Injury - Med. Malpractice | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 365 Personal Injury - Product Liability | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 368 Asbestos Personal Injury Product Liability | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 371 Truth in Lending | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

*(Labor section, middle column:)*
☐ 690 Other | **LABOR** | ☐ 710 Fair Labor Standards Act | ☐ 720 Labor/Mgmt. Relations | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 740 Railway Labor Act | ☐ 790 Other Labor Litigation | ☐ 791 Empl. Ret. Inc. Security Act

*(Torts additional:)*
☐ 640 R.R. & Truck | ☐ 650 Airline Regs. | ☐ 660 Occupational Safety/Health

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1501

Brief description of cause:
TRADEMARK INFRINGEMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   JUNE 20, 2006

SIGNATURE OF ATTORNEY OF RECORD
*Patricia S Rogowski*   302-658-9141
ID 2632

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 3 9 5

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___3___ COPIES OF AO FORM 85.

JUN 2 0 2006

_____          *Ricardo D Mitchell*
(Date forms issued)                (Signature of Party or their Representative)


_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action